BLANCO, APPELLANT, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a *Dation en Paiement*.

No. 455.—Decided March 11, 1920.

RECORD OF TITLE — PARTNERSHIP — REAL PROPERTY OF PARTNERSHIP — ASSIGNMENT—CONVEYANCE.—General partners not being joint owners or co-owners of the real property recorded in the name of the partnership, an assignment by two of the partners to another partner of their rights and interests in the partnership cannot be considered as a conveyance of the ownership of said real property, although the assignment may have been made while the partnership was in liquidation.

ID.—ID.—ID.—DATION EN PAIEMENT.—A deed whereby the liquidator of a general partnership conveys to one of the partners in partial payment of his partnership interest two town properties belonging to the partnership, is recordable, and it cannot be held that there is a contradiction between the said *dation en paiement* and a previous assignment by two of the partners of their rights and interests in the partnership to the same partner, for the latter contract, being strictly personal in its nature, need not be previously recorded in order to record the *dation en paiement*.

The facts are stated in the opinion.

*Mr. E. Acuña* for the appellant.

The respondent appeared by brief.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By a public deed of December 1, 1919, the mercantile partnership of J. M. Blanco & Company, in liquidation, represented by their liquidator, Agustín Blanco, sold and conveyed to José María Blanco González, one of the partners, in partial payment of his partnership interest, two urban properties belonging to the said partnership and so recorded in the registry of property, for the sum of $30,000, of which the partnership acknowledged receipt from the grantee by charging the sum to Blanco González in his current account.

The deed was presented for record in the Registry of Property of San Juan, accompanied by other documents from which it appears: 1st, that by a deed of May 10, 1917, José María Blanco González, José Lacosta Izquierdo, Agustín Blanco Geigel and Juan Serra Defontaine, as general partners, and Francisco Garabís Martínez, as an interested employee, formed a general mercantile partnership for the term of one year, or from the 1st of April, 1917, until the 31st of March, 1918; 2nd, that in another deed of July 19, 1919, the four general partners and the interested employee stated that although the partnership term expired on March 31, 1918, they had continued the partnership by tacit agreement until July 4, 1919, doing business under the terms of the articles of partnership, and they ratified all the business so transacted, declaring that the partnership was extinguished from the said date, July 4, 1919; 3rd, that by another public deed of October 17, 1919, José Lacosta Izquierdo and Juan Serra Defontaine assigned and conveyed to José María Blanco González, for a fixed consideration delivered at the time, all their rights, interests and participation in the mercantile partnership of J. M. Blanco & Company from the time of its formation until its extinction on July 4, 1919,

and thereafter during its liquidation until the said 7th of October, so that since the date of the said assignment José María Blanco González should be considered as the sole owner of all the interests of the said assignors in the mercantile partnership of J. M. Blanco & Company.

The registrar refused to record the deed of conveyance of December 1, 1919, in partial payment of the partnership interest of José María Blanco González, by the following decision:

"Record of the foregoing document is refused for the following reasons: That it is in contradiction with the deed of assignment exhibited herewith, for the reason that although José María Blanco acquired all the partnership interests of José Lacosta and Juan Serra, in which assignment, made after the date of the dissolution of the company, there should be considered as included their rights and interests in the real properties belonging to the partnership, in the present deed the said partnership conveys the entire properties to José María Blanco as if they actually belonged to the partnership, which is not the case by reason of the dissolution as well as of the assignment made by Lacosta and Serra; for the said deeds of dissolution and of subsequent assignment are conveyances of ownership and should be recorded, and their record has not been sought, but even if they were recorded this would not cure the defect consisting in the said contradiction. A cautionary notice is entered instead for the legal period at the folios, books, properties and entries expressed on the margin of the description, in accordance with the judgment of July 28, 1919, Porto Rico Fruit Exchange. Other documents have been examined.—San Juan, December 17, 1919.—The Registrar, Rafael Tirado Verrier."

The decision quoted is under our consideration by virtue of the appeal taken therefrom.

As will be seen, the decision appealed from is based on the contradiction which the registrar finds between the deed of conveyance of December 1, 1919, and the deed of assignment of October 17, 1919, and also on the fact that the deed of assignment has not been recorded nor sought to be recorded in the registry, the registrar advancing the opinion

that although it should be recorded the defect consisting in the contradiction referred to would not be cured thereby.

J. M. Blanco & Company is a juridical entity with its own personality which, from the date of its formation, gives it legal capacity to acquire and hold properties of every kind and to perform any act or enter into any contract whatsoever, and the partners, in becoming members of the firm, retain independently of all partnership connection and as natural persons their capacity to create juridical relations not only among themselves, but also with the partnership itself or with third persons.

And that independence of personalities subsists during the lawful life of the partnership and during its liquidation, the consequence thereof being that there must coexist at all times, separately and distinctly, the properties which in their respective capacities the partnership and the partners may have acquired. The property acquired by the partnership shall constitute its partnership property, and that of a partner or partners shall be his or their individual property.

Now, J. M. Blanco & Company acquired during their existence the two urban properties involved in this appeal and they having become a part of the partnership assets, nobody but the partnership could dispose of them. When the deed of October 17, 1919, of assignment of partnership interests by José Lacosta and Juan Serra to José María Blanco was executed, no other innovation was made in the firm's assets than the acquisition by José María Blanco González of all the rights and interests of Lacosta and Serra in the partnership of J. M. Blanco & Company, so the interest of José M. Blanco González was increased by the interests of Lacosta and Serra; and inasmuch as these had no real rights in the houses in question, Blanco González could acquire none, because as assignee he could acquire only such rights as the assignors had, following the well known principle of *nemo dat quod non habet*.

José Lacosta Izquierdo and Juan Serra Defontaine never were co-owners of the houses in question, for the ownership thereof took root and was perpetuated in the juridical entity of J. M. Blanco & Company in whose name they were recorded in the registry, which fact did not preclude Lacosta and Serra, who had interests in that partnership, from conveying their interests to another person with the consent of the other partners, according to article 143 of the Code of Commerce; but they could convey no real right. That doctrine was laid down by this court in the case of *González* v. *Méndez et al.*, 8 P. R. R. 249, in which, although some of the justices dissented, their dissent did not affect this rule. The idea of collectiveness is the antithesis of community, for collectiveness attributes the ownership to the entity represented in the juridical person and the members of the collectivity are nothing more than mere usufructuaries of the property of the entity, never real joint-owners or co-owners. 3 Manresa, Ed. 1910, p. 393.

We are of the opinion that the deed of assignment given by Lacosta and Serra to José María Blanco on October 17, 1919, and the other deed of *dation en paiement* executed by J. M. Blanco & Company in favor of José María Blanco González on December 1, 1919, instead of being antagonistic or conflicting, are harmonious, for the second deed tends, at least partially, to carry into effect the payment to José María Blanco González of his interests in the partnership of J. M. Blanco & Company, not only in his own right but by the assignment from Lacosta and Serra.

And the fact that the partnership of J. M. Blanco & Company was declared dissolved on July 4, 1919, being thereafter in liquidation, or prior to October 17, 1919, when the assignment of their partnership interests was made by Lacosta and Serra to Blanco González, does not affect the applicability to this case of the doctrine mentioned, for although a partnership may be dissolved, its personality continues to be

represented by its liquidators for the purposes stated in article 228 of the Code of Commerce. 4 P. R. R. 272. By virtue of the extinction of the partnership Lacosta and Serra did not acquire in the partnership properties any real rights which they formerly had not. Such rights could be acquired only by the adjudication to them of specific properties in payment of the interests which they had in the partnership.

The deed of assignment of October 17, 1919, was not a conveyance of ownership rights in real property or real rights, as we have said, but was only an assignment of rights or interests of a strictly personal nature; therefore a prior record of the said deed in the registry was not necessary in order to record the two houses conveyed by J. M. Blanco & Company to José María Blanco González in partial payment of his partnership interest by the deed of December 1, 1919.

Our decision in the case of *Porto Rico Fruit Exchange* v. *Registrar of San Juan,* 27 P. R. R. 695, is not applicable to the case at bar, as an examination of it will show.

We have considered only the questions involved in the decision appealed from, omitting other questions which the registrar does not raise in the said decision.

For the foregoing reasons the decision appealed from must be reversed and the record ordered to be made.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.